IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEFFREY GUITTARI SNARKE, PRO SE, County ID No. 080118, | § § § | |
| Plaintiff, | § § | |
| v. | § | 2:11-CV-0249 |
| CINDY BARKLEY, D.P.S. Trooper; HEATH PRATER, D.P.S. Trooper; DON L. JOHNSON, D.P.S. Trooper; and JOHN DOE, Deputy Sheriff, Ochiltree County, | § § § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff JEFFREY GUITTARI SNARKE, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges he was arrested on June 11, 2011, and charged with unauthorized use of a motor vehicle. Plaintiff states that, although the defendants had probable cause to make the stop, he was simply a hitchhiker and there was no probable cause for his arrest. Plaintiff says he has been detained in custody since June 11, 2011.

Plaintiff requests an award of compensatory and punitive damages, as well as attorney's fees and costs.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff's claims of false arrest implicate the ongoing criminal prosecution against him. The *Younger* abstention doctrine expresses the fundamental policy against federal interference with state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971). Abstention under *Younger* "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir.)(citing *Word of Faith World Outreach Center Church*, Inc. v. Morales, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S.Ct. 82 (1993)), *cert.*

---

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

*denied*, 515 U.S. 1145, 115 S.Ct. 2583 (1995).  "[T]he pending state proceeding must be ongoing and judicial in nature."  *Sierra Club v. City of San Antonio*, 112 F.3d 789, 798 (5th Cir. 1997).

To escape application of this doctrine, the injury threatened must be irreparable, great and immediate, and the threat to federally protected rights must be one that cannot be eliminated by defense against a single criminal prosecution.  Further, the Fifth Circuit has held that the *Younger* abstention doctrine is not applicable to a claim for damages.  *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

It appears that plaintiff's claim of illegal arrest and unlawful imprisonment attack the basis for the criminal proceedings presently pending against plaintiff in state court in Ochiltree County.  Plaintiff's claims, if decided at this point, would constitute a collateral attack on the charges for which he is awaiting trial in that county.

Nevertheless, because plaintiff's claim for monetary relief will not be addressed in the pending state criminal prosecution, it is appropriate to stay his claims for monetary relief pending the conclusion of state court proceedings.  *Id*.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JEFFREY GUITTARI SNARKE for monetary relief be STAYED PENDING COMPLETION OF PLAINTIFF'S CRIMINAL TRIAL.

IT IS SO RECOMMENDED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

ENTERED THIS 13th DAY OF DECEMBER 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).