IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JEFFREY GIUTTARI SNARKE, PRO SE, <br> TDCJ-CID No. 1755420 <br> Gray County ID No. 080118, <br><br> Plaintiff, <br><br> v. <br><br> CINDY BARKLEY, D.P.S. Trooper; <br> HEATH PRATER, D.P.S. Trooper; <br> DON L. JOHNSON, D.P.S. Trooper; and <br> JOHN DOE, Deputy Sheriff, <br>   Ochiltree County, and <br> JOHN DOE #2, Sheriff, <br>   Ochiltree County, <br><br> Defendants. | 2:11-CV-0249 |

**REPORT AND RECOMMENDATION**

Plaintiff JEFFREY GIUTTARI SNARKE, acting pro se and while a prisoner confined in the Childress County Jail[1], has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his May 14, 2012 Amended Complaint, plaintiff claims the defendants, whom he has sued in both their official and individual capacities, subjected him to false arrest and illegal detention.

Plaintiff requests compensatory damages from each defendant of $100.00 per day for each of the eighteen days he claims he was illegally detained; punitive damages of $20,000.00 from each defendant; as well as attorney's fees and costs.

---

[1]Plaintiff has since been transferred to the custody of the Texas Department of Criminal Justice, Correctional Institutions Division.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

Plaintiff alleges he was arrested without probable cause on June 11, 2011 and charged with Unauthorized Use of a Motor Vehicle in Ochiltree County where he was held for eighteen days. Plaintiff further alleges that, on June 28, 2011, the Unauthorized Use of a Motor Vehicle charges were dropped by the prosecutor in Ochiltree County and plaintiff was transported to Gray County

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

where he was charged with Engaging in Organized Criminal Activity. Plaintiff's pleadings show he pled guilty to the Engaging in Organized Criminal Activity charge in Gray County.

Plaintiff also says, at page 5 of his February 9, 2012 Questionnaire Response that he had earlier filed a Petition for Writ of Habeas Corpus. Plaintiff states his petition raised "the same complaint [plaintiff is] raising in [his] 42 U.S.C. 1983 petition Civil rights violations." Plaintiff says in his petition, he challenged his arrest as being "without probable cause to arrest [him] of June 11 – 2011, and that any evidence gathered was the result of [his] illegal arrest and detention," Plaintiff states he dropped his habeas action when he pled guilty to the Gray County charge of Engaging in Organized Criminal Activity in exchange for the Prosecutor's offer of a four-year sentence and promise to not seek an "enhancement of 2 year's to 20 year indictment." Plaintiff is currently serving a four year term on that conviction.

It appears plaintiff's position is that, by pleading guilty to the charges in Gray County, he has divorced the issue of illegal arrest and detention in Ochiltree County from his conviction for Engaging in Organized Criminal Activity, leaving him free to file a civil rights lawsuit for damages, even though he is serving a sentence on the Gray County conviction.

Plaintiff's argument notwithstanding, it would appear a favorable determination of plaintiff's illegal arrest and detention claims in this lawsuit would cast doubt on the validity of his conviction for Engaging in Organized Criminal Activity. Thus, it appears his present challenge to his arrest and detention is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), and is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the Organized Crime conviction has already been overturned, either on appeal, through habeas, or by some other means. This is so, even though plaintiff was initially charged with

Unauthorized Use of a Motor Vehicle and only later charged with Engaging in Organized Criminal Activity. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) (holding that *Heck* bars recovery on false imprisonment where there is probable cause for **any** of the charges made).

Since plaintiff's claims fall under the rule announced in *Heck v. Humphrey,* 512 U.S. 477 (1994), they are "legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons,* 74 F.3d 99, 102 (5th Cir.1996).

In the alternative, even if not barred by *Heck*, plaintiff's claims are frivolous. A police officer may arrest a person without a warrant for any offense when he has probable cause to believe that the person has committed the offense. Probable cause exists when the facts within the officer's knowledge and the facts of which he has reasonably reliable information would be sufficient to cause a prudent person to believe that the suspect was committing or had committed an offense. *United States v. Morris,* 477 F.2d 657, 663 (5th Cir 1973); *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145 (1964). A claim for false arrest does not focus on the validity of each individual charge, but on the validity of the arrest. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). Therefore, if there was probable cause for any of the charges made, then the arrest was supported by probable cause and the claim for false arrest fails. *Id*.

Plaintiff's own pleadings show that, subsequent to his charge for Unauthorized Use of a Motor Vehicle, plaintiff was also charged with Engaging in Organized Criminal Activity. He does not contend there was no probable cause to support this charge. As long as probable cause for some offense exists, an arrest is not unconstitutional even if probable cause does not exist for the offense for which the suspect was first or originally charged. *Babb v. Dorman*, 33 F.3d 472 (5th Cir. 1994).

Plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Furthermore, there appears to have been probable cause to arrest for the unauthorized use of a vehicle charge. Plaintiff was present in a stolen vehicle when two other persons committed a theft from Wal-Mart and were observed by an off-duty Gray County Deputy Sheriff running to the vehicle with the stolen goods and departing in the vehicle with plaintiff. Further, plaintiff was still a passenger in the vehicle with those two persons, one of whom was identified as the person who stole the vehicle, when it was stopped by law enforcement officers in Ochiltree County about two hours after the Wal-Mart theft. These facts would have been sufficient to cause a prudent person to believe that plaintiff had committed an offense. *Morris*, at 663. While these facts may not have been sufficient to sustain a conviction, they were sufficient to support his arrest. *Babb v. Dorman*, 33 F.3d 472 (5th Cir. 1994)(for purposes of probable cause, the facts are reviewed not under the standard used in a judicial determination of guilt but rather by whether at that moment the facts and circumstances within the knowledge of the arresting officer(s) and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that plaintiff had committed or was committing an offense.). Therefore, plaintiff's claims of illegal arrest and detention lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Further, plaintiff has failed to present the factual basis for his allegations that the officers knew the arrest in Ochiltree County was invalid. Specifically, plaintiff alleges each defendant had trustworthy information sufficient to warrant a belief that the other two occupants of the vehicle had committed criminal acts, but that plaintiff had not. Plaintiff, however, does not provide the Court

with the factual basis he contends supports his assertion that the defendants had "trustworthy information" that plaintiff had not committed an offense. Moreover, plaintiff was subsequently charged with another crime, Engaging in Organized Criminal Activity. His conviction on that charge is sufficient to show there was probable cause for it. If there was probable cause for any of the charges made, then the arrest was supported by probable cause and the claim for false arrest fails. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

As to the defendants, plaintiff does allege any act or omission by any individual defendant connecting that defendant to any alleged violation claimed by plaintiff. Plaintiff's conclusory recitation of "Fourth Amendment violation, false arrest, illegal detention, used in individual and official capacity" is not sufficient to state a claim of any sort. Plaintiff has not stated which defendant arrested him or alleged any fact(s) showing that any of the other defendants were responsible in any way for his arrest or detention. A complaint fails to state a claim upon which relief may be granted when it fails to plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). Plaintiff has failed to plead sufficient fact to state a claim for relief against any one or more defendants that is plausible on its face.

Further, plaintiff has sued three Department of Public Safety Troopers in their official capacities purely for monetary relief. A suit against an official in his official capacity is actually a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992). Therefore, plaintiff's claim for monetary damages against defendants BARKLEY, PRATER, and JOHNSON in their official capacities is actually a claim against the Texas Department of Public Safety.

The Eleventh Amendment has been interpreted by the Supreme Court to bar suits by individuals against non-consenting states. *Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). Sovereign immunity is not limited to circumstances where the State is the named defendant. When unwillingly brought into federal court, a department of the state is usually entitled to invoke the doctrine of sovereign immunity as well. "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1983). As noted in *Taylor v. Seamans*, 640 F.Supp. 831 833-34 (E.D.Tex. 1986), the Texas Department of Public Safety was created by legislative enactment, and its funding is governed by state law and derived from state revenue. Therefore, an action against the D.P.S. is in effect an action against the State of Texas. The Texas Department of Public Safety is entitled to the same sovereign immunity as the real party in interest, the State of Texas. Therefore, plaintiff's claim for monetary damages against defendants BARKLEY, PRATER, and JOHNSON in their official capacities is barred by sovereign immunity and must be dismissed without prejudice under Rule 12(b)(1). *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996)

Further, as to defendant JOHN DOE #2, Sheriff of Ochiltree County, plaintiff has failed to allege, identify or reference in any way any policy, practice or custom adopted or ratified with deliberate indifference to known or obvious consequences which caused the alleged constitutional violations. Plaintiff has utterly failed to state a claim against defendant JOHN DOE #2, Sheriff of Ochiltree County, in his official capacity. Moreover, as stated earlier, plaintiff has failed to allege any facts showing this defendant or any of the other named defendants was personally involved in

the acts causing the alleged deprivation of constitutional rights. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987).

## CONCLUSION

For the reasons set forth above and pursuant to Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JEFFREY GIUTTARI SNARKE be DISMISSED WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET, *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); WITH PREJUDICE AS FRIVOLOUS; WITHOUT PREJUDICE UNDER RULE 12(b)(1); AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of August, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).